1  Joanna Ardalan (Bar No. 285384)
2  jardalan@onellp.com
   **ONE LLP**
3  23 Corporate Plaza, Suite 150-105
4  Newport Beach, CA 92660
   Telephone:  (949) 502-2870
5  Facsimile:   (949) 258-5081

6  *Attorneys for Plaintiff,*
7  BackGrid USA, Inc.

8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, | Case No.:  2:24-cv-2554 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **(17 U.S.C. § 501)** |
| TALENTLESS, LLC, a Nevada limited liability company; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMPLAINT**

Plaintiff BackGrid USA, Inc., complains against Defendant Talentless, LLC and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 28 U.S.C. § 1332, and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the injury suffered by Plaintiff took place in this judicial district, and Defendants have purposefully directed their activities to California. Defendants are subject to the personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff BackGrid, USA Inc. ("BackGrid") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. On information and belief, Defendant Talentless LLC ("Talentless"), is a limited liability company that exists under the laws of Nevada. On information and belief, its principal place of business is located in Compton, California.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photograph that Frames This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-

photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand works, BackGrid owns coveted photographs of Tristin Thompson and Kim Kardashian, one of which is at issue in this litigation (the "Celebrity Photograph"), among many others. The Celebrity Photograph is timely registered. BackGrid filed for copyright registration of the Celebrity Photograph within 90 days of its first publication with the United States Copyright Office. The copyright registration number is VA0002342626.

*Defendant and Its Willfully Infringing Activity*

8. Defendant Talentless is an apparel company founded by Scott Disick in 2018. Mr. Disick first earned notoriety through his long-term relationship with Kourtney Kardashian and frequently appears on the Kardashians' television series.

9. On information and belief, Talentless apparel is primarily sold through its website www.talentless.co (the "Website") and is promoted mainly through Talentless' social media accounts, including Instagram.com/talentless ("Instagram Account"). The Instagram Account has at least 981,000 followers. Because the account is publicly viewable, that number of followers does not capture the total reach of Talentless's posts. Moreover, the Talentless Instagram Account links to Talentless's Website so that when a potential customer browses the content on the Instagram Account, she/he can be easily directed to Talentless's Website.

10. To promote its brand and sales, Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photograph on

the Instagram Account without consent or license, as shown in Exhibit A, which is incorporated herein by reference.

11. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least one Celebrity Photograph on, at least, the Instagram Account.

12. Defendants knew they did not have the right to post the Celebrity Photograph. Among other things, BackGrid had previously filed suit against Mr. Disick for using Backgrid's photographs on his social media accounts. As such, he was on notice that such use required a license.

13. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Celebrity Photograph and derivatives thereof, all while knowing or having reason to know of the infringement on the Instagram Account was without permission, consent, or license.

14. On information and belief, Defendant operates and controls the Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photograph displayed thereto. On information and belief, Defendants have driven significant traffic to their Instagram Account and therefore increased its revenues, in large part due to the presence of the sought after and searched-for Celebrity Photograph that frames this dispute. All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

15. BackGrid attempted to resolve this dispute prior to filing this above captioned action but Defendants refused to engage in any discussion.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

16. BackGrid incorporates by reference the allegations in paragraphs 1 through 15 above.

17. BackGrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photograph that frames this dispute, which substantially consist of

1  wholly original material, and which are copyrightable subject matter under the laws
2  of the United States.
3      18.     BackGrid filed for copyright registration of the Celebrity Photograph
4  within 90 days of its first publication with the United States Copyright Office.
5      19.     Defendants have directly, vicariously, contributorily and/or by
6  inducement willfully infringed BackGrid's copyrights by reproducing, displaying,
7  distributing, and utilizing the Celebrity Photograph for purposes of trade in violation
8  of 17 U.S.C. § 501 *et seq.*
9      20.     All of the Defendants' acts are and were performed without permission,
10 license, or consent of BackGrid.
11     21.     BackGrid has identified at least one instance of infringement by way of
12 the unlawful reproduction and display of BackGrid's photographs.
13     22.     As a result of the acts of Defendants alleged herein, BackGrid has
14 suffered substantial economic damage.
15     23.     Defendants have willfully infringed, and unless enjoined, will continue
16 to infringe BackGrid's copyrights by knowingly reproducing, displaying,
17 distributing, and utilizing its photographs by, among other things, virtue of
18 Defendants' encouragement of the infringement and financial benefits they receive
19 from BackGrid's copyrights.
20     24.     The wrongful acts of Defendants have caused, and are causing, injury to
21 BackGrid, which cannot be accurately computed, and unless this Court restrains
22 Defendants from further commission of said acts, BackGrid will suffer irreparable
23 injury, for all of which it is without an adequate remedy at law.  Accordingly,
24 BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights
25 and an order under 17 U.S.C. § 502 enjoining Defendants from any further
26 infringement.
27
28

25. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

///

Dated: March 28, 2024

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: March 28, 2024

**ONE LLP**

By: /s/ Joanna Ardalan
　　Joanna Ardalan

*Attorneys for Plaintiff,*
BackGrid USA, Inc.